**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

WILLIS N. BASTIN                                                    CASE NO. 05-50563

DEBTOR

UNITED STATES                                                      PLAINTIFF

VS.                                                                ADVERSARY NO. 05-5085

WILLIS N. BASTIN                                                   DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on the Plaintiff's Motion for Summary Judgment (Doc. # 30) which seeks to deny a discharge to the Defendant Debtor Wills N. Bastin ("Bastin") pursuant to 11 U.S.C. 727(a)(3) and (4). The court has considered the record herein, including the evidence offered by the parties through their joint stipulations of facts and exhibits. The court has also reviewed the Plaintiff's ("U.S.") Memorandum in Support of Summary Judgment, Bastin's Response (Doc. #32) thereto and has considered the arguments of counsel at the hearing held on January 20, 2006. This court has jurisdiction of this matter pursuant to 28 U.S.C. 1334 and this is a core proceeding as defined by 28 U.S.C. 157(b)(2)(J).

1. Factual Background

Bastin filed for relief under Chapter 7 on February 7, 2005 after suffering a number of business failures in the construction industry. Beginning as early as the late

1980's, Bastin began, and ultimately shut down, businesses to perform excavation and dirt hauling work (Bastin Construction, Inc.); processing of scrap materials (Marshall Machinery Services, Inc.); operation of a landfill (Marshall Industries, Inc.); and demolition and portable rock crushing work (Marshall Industries, Inc. and United Demolition, Inc).  It is undisputed that Bastin was sole shareholder and president of each of the businesses and, in each case, was actively involved as the person responsible for making the day-to-day business decisions of the companies.  Bastin admittedly maintained no written contracts; bid documents; statements of accounts payable or receivable; or financial statements, including balance sheets or statements of cash flow for any of the businesses he operated.  Regarding some tax years, he can provide no record, nor does the IRS have record, of corporate income tax returns filed for Marshall Industries or United Demolition.  Finally, Bastin testified at his Chapter 341 meeting of creditors that none of the businesses had open bank accounts and that any bank records would be older than 18 months or more.

With regard to records of his personal finances, Bastin is in no better shape. Bastin has never maintained any records of his personal expenses and in fact has only maintained a personal checking account for brief, sporadic periods in past years.  He owns no real estate and rents his home on a month to month basis under no written lease.  Bastin is currently employed by Command Staffing and Labor, which immediately cashes his $900 weekly paychecks for him.  He pays no child support as he maintains joint custody of his minor child on a mostly equal basis with his ex-wife. Bastin has no records substantiating his credit card debt, no loan documents evidencing which corporate obligations he had personally guaranteed nor any

documents evidencing loan transactions between himself and any of his businesses. Often, the only records available to substantiate many debts listed on Bastin's Schedule F are public records reflecting numerous judgments obtained against him or his business entities.

After Bastin filed his Chapter 7 proceeding, the U.S. initiated this adversary proceeding on May 26, 2005 seeking a denial of his discharge pursuant to 11 U.S.C. 727(a)(3) and (4). In addition to the record keeping deficiencies to which the parties stipulated, the U.S. argues that Bastin's bankruptcy case is replete with numerous false statements, made both on his petition and throughout the various examinations held by creditors in this adversary proceeding. Because the parties' joint stipulations make it clear that there is no dispute as to Bastin's failure to keep records, the Court does not need to address the arguments relative to the claim under 727(a)(4).

    2. <u>Legal Discussion.</u>

Under FRCP 56(c) and BR 7056, summary judgment is appropriate and "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law." The undisputed facts in the record in this case make as strong a basis for summary judgment as the court can imagine. As pointed out by the U.S. in its Memorandum, Bastin provided no personal records showing the source or amount of his income and likewise, nothing to substantiate his expenses. There is simply very little recorded information, reliable or otherwise, from which any creditor could review his financial condition or business transactions.

> Section 727(a)(3) of the Bankruptcy code provides in relevant part:
>
> The court shall grant the debtor a discharge, unless...the debtor has concealed destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case....

Accordingly, the debtor is required to provide creditors with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present. ***Turoczy Bonding Company v. Strbac (In re Strbac),*** 235 B.R. 880, 882 (6th Cir. BAP 1999). The adequacy of the debtor's records must be determined on a case by case basis. Considerations to make this determination include debtor's occupation, financial structure, education, experience, sophistication and any other circumstances that should be considered in the interest of justice. ***Id.***

The U.S. correctly acknowledges that it has the burden of persuasion regarding the inadequacy of the debtor's records, and once having established a prima facie case, the burden of going forward with the evidence shifts to the debtor, who must produce proof that the failure to maintain and preserve adequate records is justified under the circumstances of the case. ***Wazeter v. Michigan Nat'l Bank,*** 209 B.R.222, 227 (W.D.Mich. 1997); ***Turoczy,*** supra, at 883. Here, the stipulated exhibits and factual matters support the position of the U.S. that Bastin has failed to keep and preserve adequate records from which his financial position can be accurately determined or tracked for any reasonable period. Bastin has no records evidencing the source or amount of his income, how he spent his money, nor how he valued his ownership interests of his various companies. He has not maintained a personal

checking account for most of the past seven years.  Bastin's corporations kept no financial statements, no written records of contracts or bid documents and no records of accounts receivable or payable.  For many years, none of the companies filed corporate tax returns.  The record clearly supports that Bastin failed to keep adequate records both personally and for his business entities and the U.S. has satisfied its burden of proof in that regard.

In response, Bastin argues that he made no effort to conceal, destroy or falsify any records.  However, there is no requirement that the U.S. show intent to defraud or even intent by the debtor to conceal his financial condition.  ***Peterson v. Scott (In re Scott),*** 172 F.3d 959, 969 (7th Cir. 1999); ***Lansdowne v. Cox (In re Cox),*** 41 F3d 1294, 1297 (9th Cir. 1994)*.*  Bastin contends only that he is a poor businessman and that the U.S. is free to contact each and every one of his listed creditors to verify the debts listed.  An admission to being a poor businessman is insufficient to justify this debtor's failure to keep financial records.  Further, the bankruptcy code does not impose upon his creditors an obligation to contact each other to verify listed debts nor to ascertain the condition of the debtor's financial situation.  "Creditors are entitled to see it for themselves from contemporaneous, accurate and reliable records that the debtor is required to maintain and produce." ***Turoczy Bonding Company,*** 235 B.R. at 885. Bastin is a high school graduate and took college courses at the University of Kentucky for about four (4) years.  He has significant experience in various aspects of construction work and for the most part, did not rely on others to fulfill record-keeping roles in his businesses.  Consequently, it cannot be determined that his failure to keep personal or business financial records was justified under the circumstances.

Because the Court finds that the U.S. has sufficiently proven that Bastin failed to keep records from which his financial condition or business transactions might be ascertained and Bastin has failed to justify such failure under the circumstances of his case, he shall be denied a discharge under section 727(a)(3).  Having so found, it is unnecessary for the Court to address the Plaintiff's motion seeking a denial of discharge pursuant to section 727(a)(4).

The Court will enter a separate order granting the Plaintiff's Motion for Summary Judgment pursuant to 11 U.S.C. 727(a)(3).

Copies to:

Jennifer L. Vozne, Esq.

Steven A. Wides, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.***



**Signed By:**
***Joseph M. Scott***
**Bankruptcy Judge**
**Dated: Tuesday, January 24, 2006**
**(jms)**